838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond PAGE and Carolyn Page, Individually and as Next
Friends of Jennifer Page, Raymond Page, Jr., and
Michael Page, Plaintiffs-Appellants,
v.
Jan J. JAY; Julius Jay; Suzanne Stewart; Louis DiBiase;
Gary Strnad; and Officer Foley, Defendants-Appellees.
 No. 86-2026.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 On July 8, 1982, Jan Jay, a Michigan court officer, in the company of Suzanne Stewart and Julius Jay, drove to the home of Raymond and Carolyn Page. Jan Jay went to the door of the home and advised Raymond Page that he had come to serve a writ of execution and seize property in satisfaction of the writ. A scuffle ensued between the two when Jay attempted to take Page's van and janitorial equipment. Stewart, brandishing a handgun, came to Jay's assistance. Carolyn Page and two of the Pages' children witnessed this altercation and Mrs. Page ran into the house and telephoned the local police. Officers Gary Strnad and Michael Foley responded to the call and arrived in separate cruisers, at the same time. They witnessed the struggle between Jay and Page, and placed Page under arrest. Foley, having been told that there was a gun in the house and finding the screen door locked, pushed in the screen, unlocked the door, and entered the house where he found Mrs. Page and the children. He ordered them to remain seated while he searched for a weapon. He found none. The officers stayed long enough to assure that Mrs. Page and the children did not interfere with Jay as he seized property from the home.
 
 
 2
 Sgt. Louis DiBiase was in charge of investigating the case and ultimately signed papers charging Raymond Page with obstruction of an officer and aggravated assault.
 
 
 3
 The Pages filed a complaint in state court alleging that Jan Jay, Julius Jay, Stewart, DiBiase, Strnad, and Foley had wrongfully deprived them of their civil rights, in violation of 42 U.S.C. Sec. 1983. The complaint also sounded in intentional infliction of emotional distress and malicious prosecution. The cause was removed to the district court, where the court granted summary judgment to the three police officer defendants on the 42 U.S.C. Sec. 1983 claims, and dismissed the pendent state law claims without prejudice.
 
 
 4
 In granting the motion for summary judgment, the district court did not reach the issue of whether or not the police officers were entitled to qualified immunity, since it had concluded that there were no due process violations.
 
 
 5
 Because the complaint is not altogether clear concerning the nature of plaintiffs' claims, we can understand the district court's having analyzed the claims under both procedural and substantive due process standards. Although plaintiffs now say that they did not intend to assert procedural due process claims, to the extent that Raymond Page may have pleaded procedural due process claims, the district court properly dismissed those claims, as there was no demonstration that state remedies were inadequate. Clearly, no procedural due process claims were asserted by Mrs. Page or the children.
 
 
 6
 When the complaint is construed liberally, Raymond Page asserted a substantive due process violation stemming from deprivation of a specific constitutional guarantee, the fourth amendment right to be secure in his person against unreasonable seizure. Mrs. Page and the children did not plead infringement of a specific constitutional guarantee. Page and his wife and children also pleaded a substantive due process violation when they alleged that they were deprived of the general right to due process conferred by the fourteenth amendment, as the result of official conduct that shocks the conscience.
 
 
 7
 One method of asserting a substantive due process violation under 42 U.S.C. Sec. 1983, is to rely upon the Due Process Clause of the fourteenth amendment itself to ground a claim that the general right of the claimant not to be deprived of liberty without due process of law, has been violated, not by infringement upon a guarantee found in a specific command of the Bill of Rights but, rather, by official conduct that offends the community's sense of fair play and decency. Here, what is asserted is violation of the fourteenth amendment's guarantee that government officials, when acting under color of state law, must respect fundamental human rights and personal immunities. The guarantee is violated when state officials deprive a person of liberty by conduct which fails to respect decencies of civilized conduct to the extent that it "shocks the conscience." Rochin v. California, 342 U.S. 165 (1952); Wilson v. Beebe, 770 F.2d 578, 582-83 (6th Cir.1985).
 
 
 8
 The district court analyzed Raymond Page's general substantive due process claims and concluded that, viewing the facts in the light most favorable to him, the conduct of officers Foley and Strnad was "a far cry from the 'shocks the conscience' type of behavior." As we agree with the district court's characterization of the summary judgment evidence, we also agree with its having found for the two police officers on this substantive due process claim by Raymond Page.
 
 
 9
 However, the district court failed to address the general substantive due process violation claim of the wife and children against the two officers. There, plaintiffs' summary judgment evidence was directed at establishing that outrageous conduct of the officers deprived the wife and children of their liberty, during the time the house was being searched and property carried out to satisfy the writ of execution. Accordingly, that claim is still before the district court.
 
 
 10
 In addition, the district court did not address Raymond Page's substantive due process claim for violation of a specific constitutional guarantee, his fourth amendment right to be free of unreasonable seizure. See Monroe v. Pape, 365 U.S. 167 (1961). Raymond Page argues that he was seized unreasonably, since the two officers arrested him without probable cause. He points out that he was arrested for obstructing a court officer and contends that, in order to be guilty of that crime, Jay must have been acting pursuant to a valid writ of execution and seizing only property subject to execution; and that, since Page's van was exempt from execution, Jay was not proceeding properly and there was no probable cause for the officers to arrest him.
 
 
 11
 However, probable cause to arrest was not to be determined on the basis of whether it later turned out that Page actually was not obstructing a court officer, but whether, under the facts and circumstances with which the officers were confronted at the time, reasonable officers could have believed that Page was obstructing a court officer. See Anderson v. Creighton, 483 U.S. ----, 107 S.Ct. 3034 (1987); Malley v. Briggs, 475 U.S. 335 (1986). Here, the district court would have been warranted in finding probable cause to arrest as a matter of law, since stipulated facts established that Mrs. Page called the police department for assistance; that officers Foley and Strnad were dispatched in response to her call; that, when the officers arrived at plaintiffs' home they observed a struggle between Jay and Raymond Page; that, while Jay was holding Page down, he told the officers that he was a court officer and was there to implement a writ of execution; and that, after the officers handcuffed and arrested Page, Jay presented a badge and written identification to the officers. Accordingly, summary judgment was properly granted to officers Foley and Strnad on all claims brought against them by Raymond Page.
 
 
 12
 The precise nature of Raymond Page's claim against Sgt. DiBiase is unclear, although it appears to be grounded upon DiBiase, in his capacity as the supervisor of Foley and Strnad, having filed the criminal charges against Page, based upon information he obtained from Foley and Strnad. DiBiase was not present at the home during the incident. In essence, Page's theory is one of vicarious liability for a single, isolated incident involving Foley and Strnad. The district court correctly dismissed Raymond Page's claims against Sgt. DiBiase. See Pembaur v. Cincinnati, 475 U.S. 469 (1986); Oklahoma City v. Tuttle, 471 U.S. 808 (1985); Monell v. Department of Social Servs., 436 U.S. 658 (1978).
 
 
 13
 Because the case was terminated against all other defendants, either by stipulated dismissal or default judgment, the only cause remaining before the district court is the claim of Mrs. Page and the children that they were deprived by officers Foley and Strnad of their general constitutional right to due process conferred by the fourteenth amendment. Accordingly, upon remand, should it be determined that the officers were not entitled to qualified immunity, the issue before the district court will be whether those plaintiffs were deprived of a right to liberty guaranteed by the fourteenth amendment, as the result of conduct by officers Foley and Strnad which shocks the conscience.
 
 
 14
 The orders of the district court are affirmed except to the extent that they purport to grant summary judgment to defendants Foley and Strnad on the general substantive due process claim brought against them by Carolyn Page and the children. The cause is remanded to the district court for further proceedings on that claim.